**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**CLIFTON M. DIXON; JUSTUS 4 US,** *the Poor People's Campaign, Inc.*; **SHANNON THOMAS; LOUIS W. BROWN; FRANCES POOLE;** *and* **CLEO B. CARTER,**

**Plaintiffs,**

**1:08-CV-502 (GLS/DRH)**

**v.**

**ALBANY COUNTY BOARD OF ELECTIONS; VIRGINIA MAFFIA TOBLER; ALBANY COUNTY DEMOCRATIC COMMITTEE; COUNTY OF ALBANY; JAQUELINE E. JONES; WANDA F. WILLINGHAM; JAMES FREZZELL; STEPHANIE GALKA; MATTHEW GALKA; MATTHEW CLYNE; HON. JOHN C. EGAN,** *In His Official Capacity As Justice of the Supreme Court for the State of New York*; **HON. ROGER D. MCDONOUGH,** *In His Official Capacity As Justice of the Supreme Court for the State of New York*; *and the* **HON. THOMAS J. MCNAMARA,** *In His Official Capacity As Justice of the Supreme Court for the State of New York*,

**Defendants.**

---

**APPEARANCES:** **OF COUNSEL:**

**FOR THE PLAINTIFFS:**

CLIFTON M. DIXON
*Pro Se*
P.O. Box 9053
Albany, NY 12209

JUSTUS 4 US
*Pro Se*
P.O. Box 9053
Albany, NY 12209

SHANNON THOMAS
*Pro Se*
83B Lark Dr.
Albany, NY 12207

LOUIS W. BROWN
*Pro Se*
1 Bleecker Terr. #116
Albany, NY 12206

FRANCES POOLE
*Pro Se*
110 Second Street # 107
Albany, NY 12210

CLEO B. CARTER
*Pro Se*
621 State Street
Albany, NY 12206

**FOR DEFENDANTS:**[1]

**Albany County Board of Elections; County of Albany; James Frezzell; Stephanie**

[1] Defendant Virginia Maffia Tobler has not appeared in the action.

| | |
|---|---|
| **Galka; Matthew Galka; Matthew Clyne**<br>Napierski, Vandenburgh Law Firm<br>296 Washington Avenue Extension<br>Albany, NY 12203 | THOMAS J. O'CONNOR, ESQ.<br>ASA S. NEFF, ESQ. |
| **Albany County Democratic Committee**<br>Crane, Parente Law Firm<br>90 State Street<br>Suite 1515<br>Albany, NY 12207 | CLEMENTE J. PARENTE, ESQ. |
| **Jaqueline E. Jones**<br>Office of Thomas Marcelle<br>2 E-Comm Square<br>3rd Floor<br>Albany, NY 12207 | THOMAS MARCELLE, ESQ. |
| **Wanda F. Willingham**<br>DerOhannesian, DerOhannesian Law Firm<br>677 Broadway<br>Suite 202<br>Albany, NY 12207 | PAUL DEROHANNESIAN, ESQ. |
| **Hon. John C. Egan; Hon. Roger D. McDonough; Hon. Thomas J. McNamara**<br>Hon. Andrew M. Cuomo<br>New York State Attorney General<br>The Capitol<br>Albany, New York 12224-0341 | BRUCE J. BOIVIN<br>Assistant Attorney General |

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs, proceeding *pro se*, bring this civil rights action pursuant to 42 U.S.C. §§ 1973, 1983, 1985 and 1988, arising out of plaintiff Dixon's failed attempt to be elected as Legislator to the Albany County 4th Legislative District. Plaintiffs seek damages, as well as declaratory and injunctive relief. Pending is a motion to dismiss (Dkt. No. 18.) under FED. R. CIV. P. 12(b)(6) by the State of New York on behalf of defendant Justices Egan, McDonough and McNamara (collectively the "State Judicial Defendants"). For the reasons that follow, the motion is granted. Additionally, the court orders plaintiffs Thomas and Carter to verify their address, and plaintiff Justus 4 Us, the Poor People's Campaign, Inc. ("Justus 4 Us, Inc."), to retain counsel, or face dismissal from the action.

### II. Facts

The plaintiffs' complaint is unfortunately not a model of clarity. However, the court has construed the facts relevant to the current motion as follows.

Plaintiff Dixon wished to become a candidate for Albany County Legislator of the 4th Legislative District. (See Compl. ¶ 42.) As such, he sought the endorsement of the Albany County Democratic Committee (the “Committee”). However, on May 15, 2007, the Committee instead decided that the Party would endorse the incumbent, defendant Tobler, as its candidate for the 4th Legislative District. *Id*. at ¶¶ 45, 54.

Dixon nevertheless managed to procure the requisite number of petition signatures to be placed on the primary election ballot for the Democratic and Independence parties. *Id*. at ¶¶ 60-61. Tobler and defendant Jones also collected sufficient petition signatures to appear on the primary ballot for the Democratic Party. *Id*. at ¶ 62. Subsequently, Dixon expressed objections regarding the signatures on Jones’ petition to various Albany County Board of Elections’ officials, including defendant Clyne. *Id.* at ¶¶ 67-69. When his objections were not addressed to his satisfaction, Dixon commenced an Article 78 proceeding on August 2, 2007, against, *inter alios*, Clyne, Jones and Tobler. *Id*. at ¶ 72. On August 7, 2007, defendant Justice Egan dismissed the proceeding in its entirety pursuant to Tobler’s motion to dismiss. *Id*. at ¶¶ 76, 83. Dixon did not appeal. *Id*. at ¶ 87.

On September 18, 2007, the primary election was held. Dixon was not nominated as the candidate of either the Democratic or Independence Parties. *Id*. at ¶¶ 130-131. Apparently dissatisfied with the manner in which the primary elections had been administered, Dixon filed a second Article 78 proceeding, which was commenced on September 24, 2007, by order to show cause signed by defendant Justice McNamara. *Id.* at ¶ 120. A hearing was scheduled for September 28, 2007.[2] *Id.* at ¶ 120.

On September 26, 2007, Dixon commenced a third Article 78 proceeding by order to show cause, apparently seeking a preliminary injunction. *Id.* at ¶ 121. Defendant Justice McDonough signed the order to show cause - though allegedly modified in some indeterminate way from that Dixon had submitted - and scheduled a hearing to be held in consolidation with the September 28, 2007 hearing before Justice McNamara. *Id*. The hearing date was subsequently rescheduled to October 23, 2007, at which time Justice McNamara conducted a full evidentiary hearing and dismissed Dixon's petition. *Id*. at ¶¶ 122-25. Again, no appeal was filed. *Id*. at ¶¶ 138, 141. This action ensued, with

[2]The complaint actually recites the scheduled date of the hearing as August 28, 2007. This is apparently a typo, as the order to show cause had not yet been filed as of such date.

the Plaintiffs complaining, *inter alia*, of perceived inequities and improprieties in the handling of Dixon's Article 78 proceedings. (See Dkt. No. 1.)

Presently, the court addresses: 1) the State Judicial Defendants' motion to dismiss (Dkt. No. 18.); 2) the failure of plaintiffs Carter and Thomas to keep the court informed of their current address; and 3) the propriety of plaintiff Justus 4 Us, Inc.'s prosecution of this action as a *pro se* litigant, in light of its apparent status as a corporation.

## III. Discussion

### A. The State Defendants' Motion to Dismiss

Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007)). "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003) (internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, a court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted).

Turning to the pending motion, the State Judicial Defendants contend that dismissal of the claims against them is appropriate because: 1) sovereign immunity bars plaintiffs' suit against them in their official capacity; 2) they are entitled to absolute judicial immunity; 3) plaintiffs' suit is barred by the *Rooker-Feldman* doctrine; and 4) plaintiffs' have failed to seek prospective injunctive relief as against them.[3] Finding the issues of sovereign immunity and judicial immunity to be dispositive, the court declines to address the remainder of the arguments made by the State Judicial Defendants.

**1. Sovereign Immunity**

The Eleventh Amendment to the United States Constitution states

[3]Dixon is the only plaintiff to have signed plaintiffs' opposition to the State Judicial Defendants' motion to dismiss. As all papers submitted to the court must be signed by each *pro se* litigant, *see* FED. R. CIV. P. 11(a), the court deems the remaining plaintiffs to have failed to oppose the motion.

that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend XI. This grant of sovereign immunity has been held to prohibit federal suits brought by citizens against their own state without the state's consent. *See California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501-02 (1998); *Hans v. Louisiana*, 134 U.S. 1 (1890). Correspondingly, federal suits against arms of the state, including suits against state employees in their official capacity, are generally barred. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989); *In re Deposit Ins. Agency*, 482 F.3d 612, 617 (2d Cir. 2007). Thus, to the extent the State Judicial Defendants herein are sued solely in their official capacities as Justices of the New York State Supreme Court, the claims against them must be dismissed unless the narrow exception to sovereign immunity set forth in *Ex parte Young*, 209 U.S. 123 (1908), can be made out.

Under *Ex parte Young* "[a] plaintiff may avoid the Eleventh Amendment bar to suit and proceed against individual state officers, as opposed to the state, in their official capacities, provided that his complaint

(a) 'alleges an ongoing violation of federal law' and (b) 'seeks relief properly characterized as prospective.'" *In re Deposit Ins. Agency*, 482 F.3d at 618 (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, plaintiffs can make out neither element insofar as the moving defendants are concerned. While the complaint and Dixon's response papers continually parrot that prospective injunctive relief is sought, the Article 78 proceedings giving rise to plaintiffs' claims against the State Judicial Defendants have all concluded. As such, there is no "ongoing violation of federal law" flowing from such proceedings, nor would any relief related to them be prospective. Therefore, *Ex parte Young* is inapplicable. Accordingly, the State Judicial Defendants' motion to dismiss must be granted to the extent they seek dismissal of the claims against them in their official capacity.

**2. Judicial Immunity**

It is "well established that officials acting in a judicial capacity are entitled to absolute immunity ... and this immunity acts as a complete shield for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). "[A]bsolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved

to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Here, the State Judicial Defendants are all Justices of the New York State Supreme Court. Plaintiffs' claims against them arise from perceived inequities and improprieties in their handling of Dixon's three Article 78 proceedings; matters obviously within the realm of their judicial duties. Thus, to the extent the complaint may be read to state claims against the State Judicial Defendants in their personal capacity, they are entitled to absolute judicial immunity, and the complaint is dismissed in its entirety with prejudice as to them.

**B. Carter and Thomas's Failure to Update Their Address**

This district has expended considerable effort in order to familiarize *pro se* litigants with this District's Local Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. As relevant to the matter at hand, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.** The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action. The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

For the orderly disposition of cases, it is essential that litigants honor this continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, No. 98cv1141,1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, J.)). As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* No. 95cv1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (citations omitted)).

Due to the importance of a party's duty to keep the court informed of his or her current address, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to

prosecute or to comply with any order of the court. *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also Lyell Theater Corp. v. Loews Corp.*, 628 F.2d 37 (2d Cir. 1982).

In the present instance, mail sent by the court to plaintiffs Carter and Thomas regarding this case has repeatedly been returned as undeliverable. (See Dkt. Nos. 23, 24, 27, 28, 31, 32, 34, 35.) Accordingly, the court instructs them to update their address with the court within fifteen (15) days, or face dismissal from this action.

**C. Justus 4 Us, Inc.'s *Pro Se* Status**

It is well established that a corporation may not prosecute an action *pro se*, but must rather appear in the federal courts through counsel. *See, e.g., Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006). Because the complaint in this action indicates that plaintiff Justus 4 Us, Inc. is a corporation proceeding *pro se*, the court affords it thirty (30) days to retain counsel, else dismissal will ensure without further order of the court.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the State Judicial Defendants motion to dismiss

pursuant to FED. R. CIV. P. 12(b)(6) (Dkt. No. 18.) is granted; and it is further

**ORDERED** that defendant Justices John C. Egan, Roger D. McDonough and Thomas J. McNamara are dismissed as parties to this action pursuant to the doctrines of sovereign and judicial immunity; and it is further

**ORDERED** that plaintiffs Carter and Thomas update their addresses with the court within fifteen (15) days of the issuance of this order, or face dismissal from this action; and it is further

**ORDERED** that plaintiff Justus 4 Us, Inc., is hereby ordered to obtain counsel and counsel shall file a notice of appearance no later than October 6, 2008 or the court will *sua sponte* dismiss the action on behalf of the corporation; and it is further

**ORDERED** that the Clerk of the Court provide a copy of this Order to the parties by regular mail.

**IT IS SO ORDERED.**

Albany, New York
Dated: September 5, 2008

Gary L. Sharpe
U.S. District Judge