**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF New York**

_____

CLIFTON M. DIXON; JUSTUS4US, the Poor
People's Campaign, Inc.; LOUIS W.
BROWN; FRANCES POOLE; and CLEO B.
CARTER,

                                    Plaintiffs,

            v.                                            No. 08-CV-502
                                                               (GLS/DRH)

ALBANY COUNTY BOARD OF ELECTIONS;
VIRGINIA MAFFIA TOBLER; ALBANY
COUNTY DEMOCRATIC COMMITTEE;
COUNTY OF ALBANY; JAQUELINE F.
JONES; WANDA F. WILLINGHAM; JAMES
FREZZELL; STEPHANIE GALKA; MATTHEW
GALKA; and MATTHEW CLYNE,

                                    Defendants.
_____

**APPEARANCES:**                                 **OF COUNSEL;**

CLIFTON M. DIXON
Plaintiff Pro Se
Post Office Box 9053
Albany, New York 12209

SAMUEL N. IROEGHU, ESQ.
Attorney for Plaintiff Justus4us
Suite 206
1531 Central Avenue
Albany, New York 12205

LOUIS W. BROWN
Plaintiff Pro Se
1 Bleecker Terrace #116
Albany, New York 12206

1

| | |
|---|---|
| FRANCES POOLE<br>Plaintiff Pro Se<br>110 Second Street #107<br>Albany, New York 12210 | |
| CLEO B. CARTER<br>Plaintiff Pro Se<br>621 Central Avenue<br>Albany, New York 12206 | |
| NAPIERSKI, VANDENBURGH &<br>   NAPIERSKI, L.L.P.<br>Attorney for Board of Elections defendants<br>296 Washington Avenue Extension<br>Albany, New York 12203 | THOMAS J. O'CONNOR, ESQ.<br>ASA S. NEFF, ESQ. |
| WILLIAM J. CONBOY, II, ESQ.<br>Attorney for Defendant Maffia Tobler<br>Suite 1000<br>112 State Street<br>Albany, New York 12207 | |
| CRANE, PARENTE & CHERUBIN<br>Attorney for Defendant Democratic<br>   Committee<br>90 State Street<br>Albany, New York 12207 | CLEMENTE J. PARENTE, ESQ. |
| FEENEY, CENTI & MACKEY<br>Attorney for Defendant Jones<br>116 Great Oaks Boulevard<br>Albany, New York 12203 | L. MICHAEL MACKEY, ESQ. |
| DerOHANNESIAN & DerOHANNESIAN<br>Attorney for Defendant Willingham<br>Suite 202<br>677 Broadway<br>Albany, New York 12207 | PAUL DerOHANNESIAN, II, ESQ.<br>JENNIFER C. ZEGARELLI, ESQ. |

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

Presently pending are the motions of defendants Albany County Board of Elections, County of Albany, James Frezzell, Stephanie Galka, Matthew Galka, and Matthew Clyne (collectively "Board of Elections defendants") and defendant Wanda Willingham ("Willingham") for dismissal of the complaint and other sanctions pursuant to Fed. R. Civ. P. 37 for plaintiffs' various alleged discovery failures and, in particular, the failure to attend depositions. Docket Nos. 86, 106. The other defendants have joined or are deemed to have joined the motions. See Docket Nos. 95, 102. Plaintiffs have filed no opposition to the motions. For the reasons which follow, it is recommended that defendants' motions be granted in part and denied in part.[1]

### I. Plaintiffs' Failure to Respond to the Motions

Defendants' motions were filed on June 17 and September 30, 2009. Docket Nos. 86, 106. Any response from any plaintiff was required to be filed no later than November 2, 2009. Docket No. 106. No plaintiff filed a response prior to that date. On January 5, 2010, plaintiff pro se Clifton M. Dixon ("Dixon") requested and received an extension of fourteen days to file a response. Docket No. 111; Text Order dated 1/6/10. Still, no response has ever been filed by any plaintiff.

Relief "should not be entered by default against a pro se plaintiff who has not been

---

[1] Among the forms of relief sought by defendants is dismissal of the action. Because dismissal would resolve all issues in the case, it constitutes a dispositive motion for which jurisdiction is reserved to the district court under 28 U.S.C. § 636(b)(1). Accordingly, defendants' motions are deemed referred to the undersigned for report and recommendation pursuant to § 636(b)(1), Fed. R. Civ. P. 72(b), and N.D.N.Y.L.R. 72.1(a).

3

given any notice that failure to respond will be deemed a default." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). The moving defendants provided such notice in their Notices of Motion here. Docket No. 86, 106. Despite these notices, all plaintiffs failed to respond. "The fact that there has been no response . . . does not . . . mean that the motion is to be granted automatically." Champion, 76 F.3d at 436. Even in the absence of a response, a defendant is entitled to relief only if the material facts demonstrate his or her entitlement to the relief sought as a matter of law. Id.

Because all plaintiffs have failed to respond to raise any question of material fact, the facts as set forth in defendants' supporting affirmations (Docket Nos. 86-1, 106-2) are accepted as true. Adirondack Cycle & Marine, Inc. v. Am. Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)); see also N.D.N.Y.L.R. 7.1(a)(3) ("The Court shall deem admitted any facts set forth . . . that the opposing party does not specifically controvert.") (emphasis in original). Accordingly, the facts asserted by the moving defendants in their supporting affirmations will be accepted as true for purposes of their motions.

## II. Background

Dixon was a candidate for Albany County legislator for the Fourth District in 2007 and sought the nominations of the Democratic and Independence Parties in the September primary. Compl. (Docket No. 1) at ¶ 3. Plaintiff Justus4us is a community organization which, inter alia, encourages eligible citizens in Albany to register and to vote. Id. at ¶ 4.

4

Dixon serves as its President. Id. at ¶ 3. Plaintiffs pro se Louis W. Brown ("Brown"), Frances Poole ("Poole", and Cleo B. Carter ("Carter") all reside in the Fourth District and are registered to vote in the Democratic Party. Compl. at ¶¶ 5, 7, 8.[2] Defendants Virginia Maffia Tobler and Jaqueline E. Jones were candidates for the Democratic nomination in the Fourth District with Dixon and the remaining defendants allegedly performed various functions during the September 2007 primary. Id. at ¶¶ 9-20. Dixon lost the primary for the Democratic nomination to Maffia Tobler and for the Independence Party to another individual. Id. at ¶¶ 130-31. This action followed.

Plaintiffs filed their complaint on May 12, 2008 alleging various constitutional defects in the primary election process in violation of the Civil Rights Act of 1965, 42 U.S.C. § 1981 et seq. Compl. On September 15, 2008, a conference was held with the Court pursuant to Fed. R. Civ. P. 16, a schedule was set for completion of the case, and a Uniform Pretrial Scheduling Order incorporating that schedule was entered. Docket No. 47. Discovery commenced and on January 26, 2009, the Board of Elections defendants served all individual plaintiffs with notices to take their oral depositions on February 24, 2009. Neff Affirm. (Docket No. 86-1) at ¶¶ 5-7 & Ex. D. The depositions were confirmed by a letter to all parties dated February 20, 2009. Id. at ¶ 8 & Ex. E. No plaintiff appeared for the depositions and no plaintiff contacted defendants prior thereto. Id. at ¶ 9.

At defendants' request, a conference was held with the Court on March 12, 2009

---

[2]Shannon Thomas is identified in the body of the complaint as a plaintiff residing in the Fourth District and registered to vote in the Independence Party. Compl. at ¶ 6. However, Thomas is not listed as a plaintiff in the caption of the complaint, did not sign the complaint, and, therefore, has never been deemed a party to this action. See Docket No. 45.

5

following which an order was entered compelling plaintiffs Brown, Poole, and Carter to appear for oral deposition on June 1, 2009 at the federal courthouse in Albany. Docket No. 82. The order explicitly advised these plaintiffs that if they again failed to appear for the depositions, the Court could impose sanctions upon them and that the sanctions could include dismissal of their claims. Id. The order was mailed to all pro se plaintiffs. Docket entry dated 3/13/09. Defense counsel appeared at the scheduled place and time for the depositions with a retained stenographer, but plaintiffs Brown, Poole, and Carter all failed to appear and without prior notice to any defendant. Neff Affirm. at ¶¶ 14-16, 19 & Ex. I; Zegarelli Affirm. (Docket No. 106-2) at ¶ 15.

### III. Discussion

Defendants seek sanctions, including dismissal of the complaint, against all plaintiffs pursuant to Fed. R. Civ. P. 37(b) and (d). Rule 37(b) authorizes a range of sanctions against any party who is found to have disobeyed a court order compelling discovery, including an order to appear for a deposition. Rule 37(d) authorizes the same range of sanctions against a party for failing to attend his or her deposition. The range of sanction authorized by both provisions includes deeming facts admitted, precluding evidence, striking pleadings, and dismissing the action. Fed. R. Civ. P. 37(b)(2)(A). It also includes the imposition of costs, including attorney's fees, incurred by the moving party. Fed. R. Civ. P. 37(b)(2)(C). Such costs "must" be imposed against the offending party "unless the failure was substantially justified or other circumstances make an award of expenses unjust." Id.

6

## A. Brown, Poole, and Carter

Brown, Poole, and Carter each twice failed to appear for their depositions. The second failure to attend of each occurred after an order was entered which (1) compelled each of these defendants to appear for his or her deposition at the date, time, and place specified in the order, and (2) warned the defendants as follows:

> **EACH PLAINTIFF SHALL FURTHER TAKE NOTICE** that if he or she fails to serve responses to the County defendants' outstanding interrogatories or document demands or fails to appear for his or her oral deposition as directed in this order, sanctions will be imposed as allowed by Fed. R. Civ. P. 37(b) and (d). These sanctions may include, among others, dismissal of this action as to any such plaintiff. If an action is dismissed against any plaintiff, there will be no trial or other further proceedings, judgment in this case will be entered in favor of the defendants, and that plaintiff will have lost the right to bring the claims asserted in this action against these defendants in any future action.

Docket No. 82 at 2-3 (emphasis in original). The order was mailed to each plaintiff at the addresses they provided and none were returned undelivered. Docket entry dated 3/13/09.

Brown, Poole, and Carter have offered no reason for their failure twice to appear for their depositions and the failures leave each in contempt of this Court's order. Further, defendants have been prejudiced by these plaintiffs' failures both by being denied needed discover from three of the parties asserting claims against them and by the incurring of costs for the time of the attorneys in appearing for the depositions and preparing the present motions. The imposition of sanctions are, therefore, appropriate. The only reasonable sanction available appears to be dismissal of these plaintiffs' claims. The lesser sanctions of admissions and preclusion of evidence would lead effectively to the same result. Such admissions and preclusions would leave defendants able to obtain judgment

7

as a matter of law given these plaintiffs' complete failure to provide any discovery.[3] Accordingly, it is recommended as a sanction for the failures of Brown, Poole, and Carter that each be dismissed with prejudice as a plaintiff in this action pursuant to Rule 37(b)(2)(A)(5).

As to the imposition of costs against these plaintiffs, the awarding of such costs is mandatory under Rule 37 unless the failure was substantially justified or other circumstances would render an award unjust. No facts appear which might justify any plaintiff's failure here. The only circumstance which appears which might make an award unjust is plaintiffs' pro se status. However, plaintiffs paid the full filing fee, have never sought in forma pauperis status, and have never otherwise claimed or demonstrated indigence. See Docket No. 1 (noting the payment of the full filing fee). In the absence of the demonstration of facts rising to the level of injustice, such an award must be made here. See Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir.1994) (per curiam) ("The severe sanction of dismissal with prejudice may be imposed even against a plaintiff who is proceeding pro se, so long as a warning has been given that noncompliance can result in dismissal."); Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990) (" 'all litigants, including pro ses, have an obligation to comply with court orders' ") (quoting McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988)).

Only counsel for the Board of Elections defendants and Willingham have submitted affirmations as to the costs they incurred as a result of these plaintiffs' failures. These

---

[3]All three plaintiffs also failed to respond to interrogatories despite being compelled to do so. See Docket No. 82 at 2; Zegarelli Affirm. at ¶¶ 13, 14.

8

defendants seek an award for stenographic costs, attorney time preparing for and attending the depositions, preparing the present motions, and photocopying and mailing costs. Neff Affirm. at ¶¶ 20-22; Zegarelli Affirm. at ¶¶ 18-23. All such costs appear to follow directly from the failures of Brown, Poole, and Carter to appear for the depositions and should be allowed.

As to the amounts claimed, the stenographic costs were borne by the Board of Elections defendants in the amount of $150. Neff Affirm. at ¶ 18. The Board of Elections defendants further seek an award for 23.7 hours of attorney time at the hourly rate of $95 for a total of $2,251.50. Neff Affirm., Ex. J (Docket No. 86-11) at 2. The hourly rate is well within the range of reasonableness in this district. See, e.g., Picinichv. United Parcel Serv., No. , 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (noting that hourly rates up to $210 had been found reasonable in this district). However, the total hours claimed appear excessive in several respects, including the amount of time required to prepare for the depositions of Brown, Poole, and Carter, and the amount of time required to draft pleadings. Therefore, the total amount of time claimed should be reduced from 23.7 hours to fourteen hours. Multiplying the fourteen hours times the hourly rate of $95 yields an amount of $1,330 in attorneys fees which should be awarded to the Board of Elections defendants. Adding the stenographic costs, the Board of Elections defendants are entitled to total costs of $1,480.

Willingham seeks an award of costs for attorney's totaling $1,710 for nine hours at an hourly rate of $190.00. Zegarelli Affirm. at ¶ 19 & Ex. I (Docket No. 106-11). Willingham also seeks an award of $60 for costs incurred in photocopying and mailing her motion

9

papers to the pro se plaintiffs. Zegarelli Affirm. at ¶ 22 & nn.4, 5. As to the hourly rate, Willingham's counsel asserts that "[m]y average billing rate for this time period was $190.00 per hour." Id. at ¶ 21. However, her counsel fails to state the rate she charged Willingham here or, indeed, if any fee was charged at all. Even if Willingham's counsel represents her without fee in this case, however, counsel is entitled to an award of fees at a reasonable rate for the time wasted when Brown, Poole, and Carter failed to attend their depositions and in making this motion. In the absence of evidence from Willingham as to the hourly rate actually charged here, the rate charged by the Board of Elections defendants for the same services will be utilized as a guidepost for the reasonable rate to which Willingham's counsel is entitled. Thus, an hourly rate of $95 will be applied here as well. The hours claimed appear excessive as to legal research, where Willingham enjoyed the benefit of access to the memorandum of law filed earlier on the same issues by the Board of Elections defendant, and the preparation of pleadings and should be reduced to six hours. The photocopying and mailing costs appear reasonable and should be allowed as claimed. Thus, an award should be made to Willingham for attorney's fees of $570 (six hours at a rate of $95 per hour) plus photocopying and mailing costs of $60 for a total of $630.

### B. Dixon and Justus4us

Dixon, individually and as President of Justus4us, appeared for his deposition and was deposed by defendants. The only basis asserted for imposing sanctions against him is Willingham's contention that he bears partial responsibility for the failure of Brown, Poole,

10

and Carter to attend their depositions because, as lead plaintiff,[4] it was Dixon's responsibility to advise the other plaintiffs of their need to appear for the depositions and insure their attendance. See Willingham Mem. of Law (Docket No. 106-1) at 4. First, defendants have made no showing that Dixon failed to communicate with Brown, Poole, or Carter concerning the depositions. Second, Brown, Poole, and Carter were each notified of the dates, times and place of their depositions by the Court order which was mailed to them and not returned undelivered. Accordingly, no sufficient basis has been shown for imposing sanctions against either Dixon or Justus4us.

### C. Allocation Among Plaintiffs

The depositions of Brown, Poole, and Carter were scheduled for the same date, time, and place and were to occur in turn. The costs incurred by the Board of Elections defendants and Willingham thus resulted equally from the failures of Brown, Poole, and Carter to attend their depositions. The costs should thus be shared equally by the three plaintiffs and none should be responsible for more than his or her share. Accordingly, the costs imposed should be allocated equally among the three plaintiffs. Brown, Poole, and Carter should each be ordered to pay (1) $493.33 to the Board of Elections defendants and (2) $210 to Willingham.

---

[4] In an order filed September 15, 2008, Dixon was "designated Lead Plaintiff and shall serve as the representative and contact person on behalf of the plaintiffs . . . ." Docket No. 48 at 1.

## IV. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the motions of the Board of Elections defendants and Willingham for sanctions against plaintiffs for the failure of Brown, Poole, and Carter to attend their depositions (Docket Nos. 86, 106) be:

    1. **GRANTED** as to Brown, Poole, and Carter as follows:

        A. Brown, Poole, and Carter be **DISMISSED** with prejudice from this action as plaintiffs;

        B. Brown be ordered to pay the Board of Elections defendants at total of $493.33 and Willingham a total of $210; and

        C. Poole be ordered to pay the Board of Elections defendants at total of $493.33 and Willingham a total of $210; and

        D. Carter be ordered to pay the Board of Elections defendants at total of $493.33 and Willingham a total of $210; and

    2. **DENIED** as to Dixon and Justus4us in all respects.[5]

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

---

[5] A conference will be ordered to establish a schedule for completion of the case after the district court has issued a final decision on these recommendations.

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 18, 2010
       Albany, New York

*David R. Homer*
United States Magistrate Judge